UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL CLARE RADEMACHER,

    Petitioner,

v

MARY BERGHUIS,

    Respondent.

_____/

Case No. 1:08-cv-871

HON. JANET T. NEFF

**OPINION**

      This is a habeas corpus petition filed pursuant to 28 U.S.C. § 2254. The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R & R) determining that all eleven grounds Petitioner presented for relief are without merit and recommending that this Court deny the petition. The matter is presently before the Court on Petitioner's objections to the Report and Recommendation, objections that concern only grounds I, II, III and V.[1] In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made. The Court denies the objections and issues this Opinion and Final Order. *See* RULES GOVERNING § 2254 CASES, Rule 11 (referring to the order disposing of a habeas petition as a "final order").

**Objection to Recommendation on Ground I: Bailiff's Comments**

---

[1] Petitioner specifically indicates that he "disagrees with but chooses not to object" to the Magistrate Judge's recommendation on grounds IV, VI, VII, VIII, IX, X and XI (Objs., Dkt 45 at 7, 9).

Petitioner's first objection concerns the trial court's denial of his motion for a new trial, which was based on comments a bailiff made to the jury during Petitioner's trial. As recounted by the Magistrate Judge, the trial court summarized the bailiff's comments as something "to the effect ... that there weren't going to be any more witnesses called and that the defense had intended to call a witness but the Judge had ruled that that couldn't occur, outside [the jury's] presence. And that the Court had made that decision because of the rules of evidence or limitations on cross-examination" (R & R, Dkt 45 at 10).

Petitioner makes four arguments in support of this objection. First, Petitioner argues that the Magistrate Judge erred in concluding that Petitioner was found guilty "by an unbiased panel of twelve peers" where the Magistrate Judge allegedly accounted for the testimony of only eleven jurors at the post-verdict evidentiary hearing conducted by the trial court on the matter (Pet'r Objs., Dkt 48 at 2). According to Petitioner, the Magistrate Judge's analysis indicates that "six(6) jurors did not hear the bailiffs comment and five(5) did" (*id.*). Petitioner opines that the taint of "even a single juror" results in an unfair verdict (*id.,* citing *United States v. Delaney*, 732 F. 2d 639, 643 (8th Cir. 1984)).

Petitioner's argument is without merit. Petitioner's jury included two people with the same sur name (Rockafellow). The Magistrate Judge, in delineating the testimony of the jurors at the post-verdict hearing in this case, did not specifically indicate that neither of the Rockafellows had any recollection of the bailiff's comments (R & R, Dkt 45 at 10-11). However, the Court reviewed the hearing transcript and confirmed that the trial court individually questioned all twelve jurors, and further confirmed, as the Michigan Court of Appeals also determined, that "*all* of the jurors agreed that the bailiff's comment did not influence their individual decision as to whether or not defendant

was guilty." *See People v. Rademacher*, No. 258149, 2006 WL 707718, at *4 (Mich. Ct. App. Mar. 21, 2006) (emphasis added).

Second, Petitioner argues that the Magistrate Judge erred in concluding that the bailiff's comment was "not as inherently prejudicial as the comments at issue in *Mattox* and *Parker*" (Objs., Dkt 48 at 2-3; R & R, Dkt 45 at 17). *See Mattox v. United States*, 146 U.S. 140, 142-43, 151 (1892) (granting the defendant a new murder trial where the bailiff provided the jury in the capital case with information that the victim was "the third fellow [the defendant] has killed" and where the jury was provided a newspaper article commenting on the merits of the case then under consideration by the jury); *Parker v. Gladden*, 385 U.S. 363, 364-65 (1966) (per curiam) (granting the petition for post-conviction relief where the petitioner's jurors heard a bailiff describe the petitioner as "wicked" and "guilty" and indicate on another occasion that "[i]f there is anything wrong (in finding petitioner guilty) the Supreme Court will correct it," and one of the jurors testified that she was prejudiced by the bailiff's comments).

A decision of the state court is "contrary to" clearly established federal law "if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 405 (2000). Although Petitioner favors a different application of *Mattox* and *Parker* to the facts of his case, the Court finds the Magistrate Judge committed no legal error in factually distinguishing these cases and concluding that the decision of the Michigan Court of Appeals was "not an unreasonable application of clearly established Supreme Court precedent" (R & R, Dkt 45 at 16-17).

Third, Petitioner argues that the Magistrate Judge erred in "failing to address the

unreasonable application of clearly established Supreme Court precedent regarding impact of their verdict by extraneous prejudicial information" (Objs., Dkt 48 at 4).  Specifically, Petitioner argues that "[t]he Court was precluded from inquiring or taking testimony regarding the influence of the comment pursuant to Federal Rule of Evidence 606(b) and cannot use this testimony to prove harmlessness" (*id.* at 5).

Petitioner's argument is without merit.  Federal Rule of Evidence 606(b) provides the following:

> Upon an inquiry into the validity of a verdict or indictment, a juror may not testify as to any matter or statement occurring during the course of the jury's deliberations or to the effect of anything upon that or any other juror's mind or emotions as influencing the juror to assent to or dissent from the verdict or indictment or concerning the juror's mental processes in connection therewith.  But a juror *may* testify about (1) whether extraneous prejudicial information was improperly brought to the jury's attention, (2) whether any outside influence was improperly brought to bear upon any juror, or (3) whether there was a mistake in entering the verdict onto the verdict form.  A juror's affidavit or evidence of any statement by the juror may not be received on a matter about which the juror would be precluded from testifying.

FED. R. EVID. 606(b) (emphasis added).

Rule 606(b) is grounded not only in the common-law rule against admission of jury testimony to impeach a verdict but also the exception for juror testimony relating to extraneous influences.  *Tanner v. United States*, 483 U.S. 107, 121 (1987).  Contrary to Petitioner's argument here, "[w]hen a trial court is presented with evidence that an extrinsic influence has reached the jury which has a reasonable potential for tainting that jury, due process requires that the trial court take steps to determine what the effect of such extraneous information actually was on that jury." *Williams v. Bagley*, 380 F.3d 932, 945 (6th Cir. 2004) (quoting *Nevers v. Killinger*, 169 F.3d 352, 373 (6th Cir. 1999), overruled on other grounds by *Harris v. Stovall*, 212 F.3d 940 (6th Cir. 2000)).

In these circumstances, the trial court has a "constitutional duty of inquiry." *Williams*, 380 F.3d at 949; *Nevers*, 169 F.3d at 373.

Fourth, in a related argument, Petitioner contends that the Magistrate Judge erred in "failing to recognize the Michigan Court of Appeals has applied the wrong test to determine if the bailiff's comment created prejudice" (Objs., Dkt 48 at 5). According to Petitioner, "the proper determination should be made using the rules regarding intrinsic influence versus extrinsic influence" inasmuch as the influence of the bailiff, "as a member of the court, is not extrinsic, but intrinsic" (*id.* at 5-6).

Petitioner's argument is without merit. The United States Supreme Court has provided examples of both internal and extraneous jury influences. Examples of internal influences include the behavior of jurors during deliberations, the jurors' ability to hear or comprehend trial testimony, and "physical or mental incompetence of a juror." *Tanner*, 483 U.S. at 118 (holding that a post-verdict evidentiary hearing into allegations of drug and alcohol use by jurors during the trial was not required under the Sixth Amendment because "juror intoxication is not an 'outside influence' about which jurors may testify to impeach their verdict"). Examples of extraneous influences, in contrast, include a bribe attempt on a juror, newspaper articles, and media attention. *Id.* at 117-18. Hence, in *Mattox* and *Parker*, the outside expressions of opinion offered by the bailiffs were treated under the exception for extraneous influences. Here, too, in examining the record the trial court created on the bailiff's comments to Petitioner's jury, the Michigan Court of Appeals properly applied the test for determining whether the extrinsic influence was error requiring reversal.

In sum, Petitioner's arguments do not reveal any error by the Magistrate Judge in deciding that Petitioner is not entitled to habeas corpus relief on Ground I, and this objection to the Report and Recommendation is therefore denied.

**Objection to Recommendation on Grounds II & III: Discovery**

Petitioner's next objection concerns the trial court's resolution of certain pretrial discovery requests, requests Petitioner made for all records generated as a result of the complainant's allegations; all police records, including any audio or video taped conversations with the complainant relative to this case; and all police records held by the investigating police agency, relative to any incidents involving the complainant. The Michigan Court of Appeals considered each of Petitioner's arguments on appeal challenging the trial court's discovery decisions and made the following holdings: (1) the trial court did not abuse its discretion in finding that the prosecutor properly furnished Petitioner with the complete police report; (2) the trial court properly conducted an in camera review of the notes and provided Petitioner with copies of the notes the court found discoverable; (3) no in camera review of the complainant's medical reports was necessary where the prosecutor did not use the medical reports; (4) the trial court did not abuse its discretion in denying Petitioner's request for all records generated as a result of prior incidents or claims made by the complainant related to sexual activity or assaultive contact, inasmuch as Petitioner had the same information as the prosecutor with regard to the police reports and any previous claims and Petitioner did not argue that the prosecutor was being untruthful or that any false records exist; (5) the trial court did not abuse its discretion in denying Petitioner's request for discovery of the records, notes and reports kept by any doctor, social worker, psychologist, advocate, or other care provider who examined or interviewed the complaining witness, inasmuch as the prosecutor maintained that he never intended to introduce any such records at trial and did not do so; and (6) the trial court did not abuse its discretion in denying Petitioner's discovery request for all police records of any jurisdiction involving the complainant and all court records pertaining to her, including but not

limited to sexual assault complaints, probate court records, protective service reports, and other records, emanating from any home in which she has resided, inasmuch as Petitioner could retrieve the same information through the same methods as the prosecutor. *Rademacher,* 2006 WL 707718, at *2-3.

The Magistrate Judge thoroughly considered the rulings of the Michigan Court of Appeals and concluded that Petitioner was not entitled to habeas corpus relief on Grounds II and III (R & R, Dkt 45 at 17-25). Petitioner now submits a two-sentence argument in support of his objection to the Magistrate Judge's recommendation, contending that the Magistrate Judge "failed to regard" the arguments he posed in his reply brief to Respondent's Answer to his petition (Pet'r Obj., Dkt 48 at 7; Pet'r Reply, Dkt 32). However, Petitioner does not identify which of the arguments in his thirty-two page reply brief he contends the Magistrate Judge did not consider, nor does Petitioner identify the portions of the Magistrate Judge's analysis to which he objects.

This Court requires litigants to file specific and timely objections to a magistrate judge's report and recommendation under 28 U.S.C. § 636(b)(1)(C), objections that "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." W.D. Mich. LCivR 72.3(b). "[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings ... believed [to be] in error" are too general. *Spencer v. Bouchard,* 449 F.3d 721, 725 (6th Cir. 2006) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Petitioner's general objection here precludes this Court's review of the Magistrate Judge's conclusion on Grounds II and III. *See Drew v. Tessmer*, 36 F. App'x 561, 2002 WL 1316402, at *1 (6th Cir. 2002) (citing *Miller* and holding that the petitioner's failure to challenge the magistrate judge's conclusion concerning his procedural default

precluded review of the issue). This objection to the Report and Recommendation is therefore denied.

### Objection to Recommendation on Ground V: Sentence

Petitioner's last objection, which is based on the Supreme Court's holding in *Blakely v. Washington*, 542 U.S. 296 (2004), concerns his sentence. Petitioner contends that the Magistrate Judge "erred in concluding there was not an unreasonable determination of the facts regarding sentencing, specifically the points assessed to Petitioner in [Offense Variable] 11" (Pet'r Obj., Dkt 48 at 7).

The Magistrate Judge held that the Michigan Court of Appeals correctly rejected Petitioner's claim because *Blakely* does not apply to Michigan's indeterminate sentencing scheme (R & R, Dkt 45 at 29-30, citing *Chontos v. Berghuis*, 585 F.3d 1000, 1002 (6th Cir. 2009); *Tironi v. Birkett*, 252 F. App'x 725, 725 (6th Cir. 2007)). Although Petitioner disagrees with the result as "unfair," his argument reveals no legal error by the Magistrate Judge. Therefore, this objection is also denied.

### Certificate of Appealability

Having determined that Petitioner's objections lack merit, the Court must further determine pursuant to 28 U.S.C. § 2253(c) whether to grant a certificate of appealability as to the issues raised. *See* RULES GOVERNING § 2254 CASES, Rule 11 (requiring the district court to "issue or deny a certificate of appealability when it enters a final order"). The Court must review the issues individually. *Slack v. McDaniel*, 529 U.S. 473 (2000); *Murphy v. Ohio*, 263 F.3d 466, 466-67 (6th Cir. 2001).

"Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable

jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack,* 529 U.S. at 484.  Upon review, this Court finds that reasonable jurists would not find the Court's assessment of Petitioner's claims debatable or wrong.  A certificate of appealability will therefore be denied as to each issue asserted.

A Final Order will be entered consistent with this Opinion.


Date: September 27, 2011                             /s/ Janet T. Neff
                                                    JANET T. NEFF
                                                    United States District Judge